KEVIN A. DARBY, ESQ. (#7670)
TRICIA M. DARBY, ESQ. (#7956)
DARBY LAW PRACTICE, LTD.
4777 Caughlin Parkway
Reno, Nevada 89519
Telephone: (775) 322-1237
Facsimile:  (775) 996-7290
E-mail: kad@darbylawpractice.com
        tricia@darbylawpractice.com

[Proposed] Counsel for Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | CASE NO.:   BK-N-20-50471-btb |
| | Chapter 11 Subchapter V |
| ALY EATRY, INC., | |
| Debtor. | **DECLARATION OF KEVIN A. DARBY IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF DARBY LAW PRACTICE. LTD. AS COUNSEL TO THE DEBTOR PURSUANT TO 11 U.S.C. § 327(a), FED. R. BANKR. P. 2014(a), 2016(b) AND 5002, AND LOCAL RULE 2014,** |
| | Hearing Date:   *N/A* |
| | Hearing Time:   Ex Parte |

KEVIN A. DARBY, under penalty of perjury, states:

1.      I submit this verified statement pursuant to section 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Rules 2014(a), 2016(b) and 5002 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules"), and Rule 2014 of the Local Bankruptcy Rules for the District of Nevada (as amended, the "Local Rules"), authorizing the retention and employment of Darby Law Practice, Ltd. ("Darby Law Practice") as bankruptcy counsel.  Except as otherwise indicated, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto.

///

2. Darby Law Practice seeks to be employed to render the following professional services:

    a. to advise the Debtor of its rights, powers and duties as debtor and debtor in possession in the continued operation of its business;

    b. to take all necessary action to protect and preserve the Debtor's estate, including the prosecution of actions on the Debtor's behalf, the defense of any actions commenced against the Debtor, the negotiation of disputes in which the Debtor are involved, and the preparation of objections to claims filed against the Debtor's estates;

    c. to prepare on behalf of the Debtor all necessary motions, applications, answers, orders, reports and papers in connection with the administration of the Debtor's estate;

    d. to attend meetings and negotiations with the Subchapter V trustee, representatives of creditors, equity holders or prospective investors or acquirers and other parties in interest;

    e. to appear before the Court, any appellate courts and the Office of the United States Trustee to protect the interest of the Debtor;

    f. to pursue approval of confirmation of a plan of reorganization and approval of the corresponding solicitation procedures and disclosure statement; and

    g. to perform all other necessary legal services in connection with the Chapter 11 case.

3. Darby Law Practice has experience and knowledge in the field of Debtor's rights, business reorganizations and liquidations under chapter 11 of the Bankruptcy Code. Darby Law Practice has served as counsel to Debtor in several Chapter 7, 11 and 13 cases filed in the District of Nevada.

4. Darby Law Practice will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Local Rules and pursuant to any applicable procedures or orders established by the Court. Darby Law Practice shall submit with its fee applications detailed daily time entries for each individual providing services in one-tenth (.10) hour increments, explaining the services provided as well as a categorized summary of disbursements and expenses for which Darby Law Practice is seeking

reimbursement.

5. For professional services, Darby Law Practice's fees are based in part on its customary hourly rates, which are periodically adjusted in accordance with its policy. Presently, the hourly rates for professionals range from $400.00 - $450.00

6. The Debtor paid Darby Law Practice a retainer fee in the amount of $4,217.00, which includes the Chapter 11 filing fee. Attached hereto as Exhibit "1" is a true and correct copy of the Fee Agreement (the "Fee Agreement") entered into between Darby Law Practice and the Debtor.

7. Darby Law Practice will continue to charge Debtor for all other services provided and for other charges and disbursements incurred in the rendition of services. These charges and disbursements include, among other things, costs for telephone charges, photocopying, travel, business meals, computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings.

8. Darby Law Practice has agreed to accept as compensation such sums as may be allowed by the Court on the basis of: (i) the professional time spent; (ii) the rates charged for such services; (iii) the necessity of such services to the administration of the estate; (iv) the reasonableness of the time within which the services were performed in relation to the results achieved; and (v) the complexity, importance, and nature of the problems, issues, or tasks addressed in this case.

9. I have no connection to the Debtor, creditors, or any other party in interest, his respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States trustee.

10. I believe Darby Law Practice is a "disinterested person" within the meaning of Section 101(14) of the Bankruptcy Code as required by Section 327(a) of the Bankruptcy Code and will not hold or represent an interest adverse to the Debtor's estate and has no connection to the Debtor, creditors, the United States Trustee's Office, or any of its employees.

DATED this 5th day of May, 2020.

                                                       */s/ Kevin A. Darby*
                                                     KEVIN A. DARBY, ESQ.

**Exhibit 1**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT 1**



Darby Law Practice. Ltd.
4777 Caughlin Parkway
Reno, Nevada 89519

775.322.1237
Fax: 775.996.7290

darbylawpractice.com

Kevin A. Darby, Esq.
kad@darbylawpractice.com

Tricia M. Darby, Esq.
tricia@darbylawpractice.com

# ATTORNEY FEE AGREEMENT

(Chapter 11 – Subchapter V)

THIS AGREEMENT is made effective this 29th day of April, 2020, by and between ALY EATERY, INC. (referred to herein as "Client"), and DARBY LAW PRACTICE, LTD (referred to herein as "Firm").

1. <u>Services To Be Provided By The Firm.</u>

Client hereby engages the Firm to provide all legal services reasonably required to represent Client in connection with Client's reorganization case under Chapter 11 subchapter 5 of the Bankruptcy Code (the "Matter"). Such services shall include services as necessary and at the Firm's discretion, including, if applicable: consultation, pre-petition planning, and preparation of the initial petition, preparation of schedules and statements, communications with the subchapter 5 trustee, recovery of preferences, defense of motions for relief from stay, preparation of a plan of reorganization, assisting in the implementation of a confirmed plan, and such other matters as may be necessary in order to effectively reorganize and to comply with the requirements of the Bankruptcy Code. Client hereby acknowledges that the Firm is not Client's general counsel and that acceptance of this engagement by the Firm does not involve representation of Client or Client's business interests in any matter other than the subject reorganization case.

2. <u>Fees.</u>

As compensation for the services performed by the Firm, Client agrees to pay fees to the Firm at the basic standard hourly rate of $400.00 per hour for attorneys Kevin A. Darby, Esq. and Tricia M. Darby, Esq. Time is billed in the minimum increments of one-tenth (1/10th) of an hour with respect to a specific task. The time billed to Client by the Firm may include, without limitation, time spent waiting in court, time spent in travel, and time spent in office conferences between or among the legal personnel assigned to the Matter and time spent in strategizing the case. When such personnel engage in office conferences, each person will charge for his or her time expended. Likewise, if more than one of the Firm's legal personnel attends a meeting, court hearing or other proceeding, each will charge for his or her time. The Firm shall assign legal personnel to the Matter solely in the Firm's judgment.

Client hereby acknowledges that although the Firm may, from time to time for Client's convenience, furnish Client with estimates of the amounts of fees which the Firm anticipates will be charged with respect to services to be performed under this Agreement, the Firm is not obligated to do so, and such estimates are by their nature inexact and are not binding on either Firm or Client.

3.  <u>Costs and Expenses</u>.

Client agrees to pay the Firm all costs and expenses incurred in performing legal services in connection with the Matter. Such costs and expenses may include, without limitation, long distance telephone or conference calls; messenger and other delivery fees; facsimile charges; postage; court docket services (i.e., PACER); Client-specific office supplies and materials; charges for computer research and data retrieval and outside assisted legal research; travel expenses such as mileage, parking, air fare, meals and hotel accommodations; photocopying and other reproduction charges; clerical staff overtime; overtime charges for word processing services; charges for computer time; process service fees; filing fees and other charges assessed by courts and other public agencies; court reporter fees; jury fees; witness fees; investigator fees; expert fees or consultant fees; and similar items. All such items will be charged to Client as the Firm's costs and the Firm shall be reimbursed therefore.

4.  <u>Retainer / Funds In Trust</u>.

Client hereby agrees to pay, upon execution of this Agreement, a retainer in amount of $2,500.00, plus $1,717.00 for the Chapter 11 filing fee, for a total of $4,217.00, which shall be placed in a trust account (the "Retainer"). The Retainer shall be held in trust for Firm, which shall be considered a retaining trust in accordance with Nevada law. All fees earned pre-petition shall be immediately paid from the Retainer. The Chapter 11 filing fee will be paid out of the Retainer immediately upon the filing of the Chapter 11 case. Disbursements shall be made immediately from Retainer to pay post-petition fees when they are incurred. Any fees and costs in excess of the amount of the Retainer shall be first paid as administrative expenses through the Chapter 11 plan.

5.  <u>Billings</u>.

Firm will send Client billings for fees and costs incurred on a regular basis. Firm's invoices shall clearly state the basis thereof, including a description of the services, amount of time spent for the service, and rate and basis for calculation of Firm's fees.

6. <u>Disclaimer</u>.

Firm has made no promises or guarantees to Client concerning the outcome of the Matter, and nothing in this Agreement shall be construed as such a promise or guarantee.

7. <u>Termination of Service</u>.

Client shall have the right at any time to terminate the Firm's services upon written notice to Firm, and Firm shall immediately after receiving such notice cease to render additional services. Such termination shall not, however, relieve Client of the obligation to pay the fees due for services rendered and costs incurred prior to such termination.

If Client fails to meet any of Client' obligations under this Agreement, the Firm shall have the right to terminate this Agreement, and Client shall take all steps necessary to free Firm of any obligation to perform further, including, without limitation, the execution of any documents necessary to complete Firm's discharge or withdrawal. The right of the Firm hereunder is in addition to those created by statute or recognized by rules of professional conduct.

Following plan confirmation, the Firm is not Client's counsel of record. However, if Firm continues to render services to Client, Firm shall be paid in accordance with this Agreement.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date set forth below.

ATTORNEY:

DARBY LAW PRACTICE, LTD

Dated: April 29, 2020          By: _____
                                    KEVIN A. DARBY, ESQ.

CLIENT:

ALY EATERY, INC.

Dated: April 29, 2020          By: _____
                                    ALICIA YOUNGBERG

DARBY LAW PRACTICE

Darby Law Practice, Ltd.   4777 Caughlin Parkway   Reno, Nevada 89519