KEVIN A. DARBY, NVSB# 7670
TRICIA M. DARBY, NVSB# 7959
DARBY LAW PRACTICE, LTD.
4777 Caughlin Parkway
Reno, Nevada 89519
Telephone: 775.322.1237
Facsimile: 775.996.7290
kad@darbylawpractice.com
tricia@darbylawpractice.com
Attorneys for Debtor/Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

In re:

ALY EATERY, INC,

         Debtors.

_____/

CASE NO.:    BK-N-20-50471-BTB
Chapter 11 Subchapter V

**MOTION FOR ORDER AUTHORIZING DEBTOR TO CONTINUE USING EXISTING BANK ACCOUNT**

Hearing Date:  June 17, 2020
Hearing Time: 2:00 p.m.

    Debtor and Debtor in Possession, ALY EATERY, INC., hereby moves this Court for an order authorizing the Debtor to continue using its existing bank accounts and waive the requirement that Debtor maintain a specifically designated *debtor-in-possession* account (the "Motion").  This Motion is made pursuant to 11 U.S.C. §§ 105, 345 and 363, supported by the Declarations of Alicia Youngberg and Kevin Darby, Esq., and is based on the following points and authorities.

**POINTS AND AUTHORITIES**

    1.    On May 4, 2020, Debtor filed a voluntary petition for relief under Subchapter 5 of Chapter 11 of the Bankruptcy Code (the "Petition Date").

    2.    Debtor owns and operates a Subway Sandwiches franchise restaurant in Reno, Nevada.

    3.    The franchisor for Subway Sandwiches is Doctor's Associates, Inc. ("DAI"). Debtor's Franchise Agreement with DAI obligates Debtor to pay DAI: (1) royalty payments in the

1. amount of 8% of the Debtor's gross sales; and (2) contributions to the Subway Franchise Advertising Fund Trust in the amount of 4.5% of gross sales. DAI is entitled to direct access to Debtor's bank account to take the 12.5% if Debtor's gross sales directly from Debtor's bank account on a weekly basis.

4. Debtor maintains one business bank account at Bank of America, N.A. ("Debtor's Bank Account").

5. The Office of the United States Trustee has established certain operating guidelines for debtors-in-possession in order to supervise the administration of Chapter 11 cases. These guidelines require a Chapter 11 debtor, among other things, to close all existing bank accounts and open new debtor-in-possession bank accounts and obtain checks for all debtor-in-possession accounts bearing the designation "Debtor-in- Possession," the bankruptcy case number, and the type of accounts.

6. Debtor is informed and believes that the primary purpose of the debtor-in-possession bank account requirement is to provide deposit insurance coverage in excess of maximum deposits insured by the Federal Deposit Insurance Corporation ("FDIC") coverage limits. FDIC insurance covers deposits up to $250,000.00. *See* www.fdic.gov/deposit/deposits/faq.

7. The balance of Debtor's Bank Account has never exceeded $250,000.00, and it is highly unlikely the account balance will reach $250,000.00 during the pendency of this case.

8. After filing this case Debtor's Counsel contacted Bank of America, using the contact information provided by the Office of the United States Trustee, to inquire about having debtor-in-possession coverage added to Debtor's Bank Account. Bank of America declined and explained:

> Please be advised Bank of America is still listed on the approved Banking List with the EOUST for Debtor in Possession relationships. However, only clients with an **existing Commercial Banking relationship with an assigned banker will be serviced**. We will not open or service any Debtor in Possession account for a consumer or small business relationship, whether an existing client of Bank of America's or not.

*See Declaration of Kevin A. Darby,* Exhibit 1.

9. The Debtor seeks a waiver of the United States Trustee's requirement that the prepetition Bank Accounts be closed and that new post-petition "debtor-in-possession" accounts be

opened. If enforced in this case, that requirement would cause unnecessary disruption in the Debtor's business and would cause the estate unnecessary expense for no benefit. At the same time, the requirement provides no benefit or protection to any interested party. The standard FDIC insurance coverage is more than adequate to protect the deposits in Debtor's Bank Account.

10. Given the fact this is a Subchapter V case, Debtor will be a debtor-in-possession for only a very limited period of time. Debtor is required to file a plan of reorganization by no later than August 3, 2020. *See* 11 U.S.C. §1189(b). The time, burden and expense required for Debtor to convert to a new bank account is not reasonable or warranted in light of Debtor's statutorily deemed short time as a debtor-in-possession.

11. The Debtor's Bank Account is already located at a United States Trustee-authorized depository institution, Bank of America, N.A. The existing account will serve the needs of the estate and the United States Trustee more than adequately. Therefore, good cause exists for this Court to authorize the Debtor's continued post-petition use of Debtor's Bank Account.

DATED this 20th day of May, 2020.

DARBY LAW PRACTICE, LTD.

*/s/ Kevin A. Darby*

_____
KEVIN A. DARBY, ESQ.
Attorneys for Aly Eatery, Inc.